IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR L. DORADO, | CASE NO. CV F 06-0394 AWI LJO |
| Plaintiff, | **ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE** |
| vs. | (Doc. 7.) |
| LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, | |
| Defendant. | |

## INTRODUCTION

In this action seeking pension benefits, defendant Laborers Pension Trust Fund for Northern California ("Laborers Pension") seeks to transfer this action to this Court's Sacramento division on grounds that relevant documents and witnesses are located in Fairfield, California, which is less than an hour from Sacramento. This Court considered Laborers Pension's motion for change of venue on the record and without oral argument or the August 25, 2006 hearing, pursuant to this Court's Local Rule 78-230(c)[1] and (h). For the reasons discussed below, this Court GRANTS Laborers Pension's motion to transfer this action to this Court's Sacramento divsion.

## BACKGROUND

Mr. Dorado is a Visalia resident and was a laborer and member of Laborers Union Local 1060.

---

[1] Pursuant to this Court's Local Rule 78-230(c), plaintiff Salvador L. Dorado ("Mr. Dorado") is not entitled to oral argument because he failed to file timely opposition papers.

Mr. Dorado participates in the Laborers Pension, which denied Mr. Dorado's claims for pension benefits. Mr. Dorado brought this action under the Employee Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq., to claim that Laborers Pension has wrongfully refused to pay pension benefits or to reimburse Mr. Dorado money entrusted to Laborers Pension. In his complaint, Mr. Dorado notes his Tulare County residence and that acts subject to his claims were performed within this Court's jurisdiction. Mr. Dorado seeks payment of pension benefits and related declaratory relief.

Laborers Pension filed a skeletal motion to transfer this action to the Sacramento division on grounds that:

1. Laborers Pension is headquartered in Fairfield, which is less than an hour from Sacramento;

2. All relevant documents and witnesses are located in Fairfield so that no purpose is served to require Laborers Pension to produce documents and witnesses in Fresno; and

3. Laborers Pension would incur extra, unnecessary expense to litigate in Fresno.

**DISCUSSION**

Once federal jurisdiction is established, venue rules ensure the matter will be tried in the proper federal district. A civil action which is based upon federal question, as here, must be brought: (1) in a judicial district in which any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the action occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may be brought otherwise. *See* 28 U.S.C. §1391(b).

This Court's Local Rule 3-120(d) provides that all civil actions arising in Tulare County must be commenced in this Court's Fresno division. This Court's Local Rule 3-120(f) authorizes a transfer of an action when "the Court finds upon its own motion, motion of any party, or stipulation that an action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the same to another venue within the District."

Change of venue is authorized under 28 U.S.C. § 1404(a) which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

2

The purpose of 28 U.S.C. § 1404(a) "is to prevent waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S.Ct. 805 (1964).

Transfer of venue factors include convenience of witnesses and parties, judicial economy, relative ease of access to proof, availability of compulsory process, and possibility of view of premises. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n. 6, 102 S.Ct. 252, 258, n. 6 (1981); *E & J Gallo Winery v. F. & P. S. p. A.,* 899 F.Supp. 465, 466 (E.D. Cal. 1994). The convenience and interest of justice factors are addressed to a court's inherent discretion and interpreted broadly to allow a court to consider the particulars of each case. *Lopez Perez v. Hufstedler*, 505 F.Supp. 39, 41 (D. D.C. 1980); *E. & J. Gallo Winery*, 988 F.Supp. at 466. Transfer rulings under 28 U.S.C. § 1404(a) generally turn on practical considerations, including judicial economy (whether transfer will avoid duplicative litigation, effect judicial economy and prevent waste of time and money). *Van Dusen*, 376 U.S. at 616.

A plaintiff's choice of forum is accorded substantial weight in proceedings under 28 U.S.C. § 1404(a). Courts generally will not order a transfer unless the "convenience" and "interest of justice" considerations strongly favor venue elsewhere. *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). The party seeking a transfer has the burden to show that convenience of parties and witnesses and interest of justice require transfer to another district. *Commodity Futures Trading Comm'n v. Savage,* 611 F.2d 270, 279 (9th Cir. 1979); *Los Angeles Memorial Coliseum Comm'n v. NFL*, 89 F.R.D. 497, 499 (C.D. Cal. 1981). The party seeking transfer has the burden to show that trial in the district where the action is pending will result in a clear balance of inconveniences to him/her. *Harris Trust & Sav. Bank v. SLT Warehouse*, 605 F. Supp. 225, 227 (N.D. Il. 1985).

The gist of Laborers Pension's motion is that its documents and witnesses are closer to this Court's Sacramento division so that a transfer to the Sacramento division will promote Laborer Pension's convenience and decrease its expenses. Mr. Dorado filed no timely opposition papers to suggest that he concedes the convenience issue. Although Laborers Pension offers little to substantiate change of venue, Mr. Dorado's lack of opposition demonstrates a disinterest to preserve venue in this Court's Fresno division and in turn Mr. Dorado's choice of forum. As such, this Court is not a position to champion Mr. Dorado's choice of forum without input from him.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. GRANTS defendant Laborers Pension Trust Fund of Northern California's motion to transfer venue to this Court's Sacramento division; and

2. DIRECTS this Court's clerk to arrange transfer of this action to this Court's Sacramento division.

IT IS SO ORDERED.

**Dated:  August 17, 2006**              /s/ Lawrence J. O'Neill
66h44d                                    UNITED STATES MAGISTRATE JUDGE